## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2284 | **DATE** | 6/10/2008 |
| **CASE TITLE** | PINSON, ET AL vs. WILL COUNTY STATES ATTORNEY OFFICE, ET AL. | | |

**DOCKET ENTRY TEXT**

Plaintiff Joseph L. Pinson ("Pinson") moves the Court to proceed *in forma pauperis* [4] and for appointment of an attorney [5]. For the reasons stated below, Pinson's motions are denied and his case is dismissed without prejudice.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Joseph L. Pinson ("Pinson") moves the Court to proceed *in forma pauperis* and for appointment of an attorney. For the reasons stated below, Pinson's motions are denied and his case is dismissed without prejudice.

    Under 28 U.S.C. § 1915(a), the Court may authorize Pinson to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Pinson's application sets forth his inability to pay because he has been unemployed since 2003 and currently has no income.

    The Court, however, must look beyond Pinson's financial status. Section 1915 requires the Court to review Pinson's claims and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if Pinson seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Alston v. Debruy*, 13 F.3d 1036, 1039 (7th Cir.1994). In making this determination the Court construes Pinson's *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

    Pinson's own allegations, if taken as true, as they must be at this point, fail to state a claim.

    To state a claim for malicious prosecution, Pinson must allege, among other things, that the judicial proceedings brought against him were terminated in his favor. *See*, e.g., *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995). Here, however, Pinson pled guilty to the charges brought against him and was unable to withdraw his guilty plea. Complaint at ¶¶ 4-6. In addition, Pinson's claim of malicious prosecution would imply the invalidity of his conviction and is thus barred. *Heck v. Humphrey*, 512 U.S. 477 (1994) (barring any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence).

    The "actual existence of *any* probable cause to arrest precludes a § 1983 suit for false arrest." *Pourghoraishi v. Flying J., Inc.*, 449 F.3d 751, 762 (7th Cir. 2006) (*citing Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). Here, Pinson submitted written statements by three police officers and two non-police witnesses with his Complaint. One non-police witness stated that he called 911 after seeing a car, later found

**STATEMENT**

to be Pinson's, driving extremely recklessly. The officers stated that they responded to this complaint, and the officers and the second non-police witness stated that when Pinson was approached by the police, he fled in his car, again driving extremely recklessly.

It is well-established that "an identification or a report from a single credible victim or eyewitness can provide the basis for probable cause." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2001) (probable cause found based on single complaining witness). Here, one witness stated that he observed Pinson driving recklessly and called 911, and at least four other witnesses stated that they observed him driving recklessly thereafter.

The witnesses' assertion that Pinson fled from the police also helps establish probable cause. *United States v. Rubio*, 404 F.2d 678, 680 (7th Cir. 1968) ("although flight alone is insufficient to create probable cause for arrest . . . it may be crucial when, considered with other relevant facts"); *see also*, *United States v. Sawyer*, 224 F.3d 675, 680-81 (7th Cir. 2000) (court considered defendant's flight from police in establishing probable cause). These circumstances establish that the officers had probable cause to arrest Pinson, and any allegations of false arrest fail.

Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(ii), Pinson's motion to proceed *in forma pauperis* is denied and his complaint is dismissed for failure to state a claim.