**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH L. PINSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2284 |
| | ) | |
| v. | ) | **Honorable Virginia M. Kendall** |
| | ) | **Judge Presiding** |
| WILL COUNTY STATES ATTORNEY | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JUDGE RICHARDSON'S MOTION TO DISMISS**

Defendant MARZELL RICHARDSON by and through his attorney, LISA MADIGAN,

Illinois Attorney General, submits this memorandum of law in support of his motion to dismiss

the Plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

for failure to state a claim upon which relief may be granted.

**BACKGROUND**

Plaintiff filed his complaint in this action on April 22, 2008. On June 10, 2008, the Court

dismissed the complaint without prejudice for failure to state a claim. On June 23, 2008, Plaintiff

filed an Amended Complaint against Defendant, a judge in the Circuit Court of Will County,

along with the Will County State's Attorney, the Shorewood Police Department, private law

offices, lawyers, and individuals who allegedly provided affidavits to the police regarding

Plaintiff. While it is difficult to determine from the allegations in the Amended Complaint,

Plaintiff appears to allege that the defendants were all involved in his arrest, trial, and/or

conviction apparently for some type of traffic violation and/or felony charges.

The sole paragraph in the Amended Complaint that refers specifically to Defendant is as

follows:

> The States Attorney Office and Court on August 13, 2004 denied Joseph L. Pinson to change his guilty plea, after the instruction of Judge Marzell Richardson on April 21, 2004 of a 30 day filing notice to change a plea, to not guilty and to have a jury trial. Also on August 13, 2004, Judge Richardson order was changed from guilty plea to vacate guilty plea, also preventing the case to be tried by a jury.

(Amended Complaint ¶10) From the above, it is difficult to determine what action allegedly taken by Defendant is the basis for Plaintiff's civil rights claims against him. However, his claims relate to instructions Defendant allegedly gave in setting a filing deadline and his entering an order to vacate a guilty plea in Plaintiff's state criminal case, which Plaintiff asserts somehow prevented his case from being tried by a jury. Plaintiff generally alleges that all of the defendants violated his equal protection rights under both the U.S. and Illinois Constitutions by treating Plaintiff differently from other similarly situated individuals without a rational basis, and that their treatment was motivated by "total illegitmat [sic] animus." (Amended Complaint ¶22) Plaintiff does not provide any explanation of how Defendant's alleged actions violated his rights. Plaintiff seeks compensatory and punitive damages and the reinstatement of his driver's license "per Secretary of State." (Amended Complaint, p. 4)

## STANDARD FOR MOTION TO DISMISS

To state a claim under 42 U.S.C. §1983, Plaintiff must show he was deprived of a federal right, privilege, or immunity by a person acting under color of state law. 42 U.S.C. §1983. Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss an action for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(1). On a Rule 12(b)(1 ) motion, the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists. *Kontos v.*

*United States Dept. of Labor*, 826 F.2d 573, 576 (7ᵗʰ Cir.1987). In ruling on a motion to dismiss,
the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all
reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486
(7ᵗʰ Cir. 2002); *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7ᵗʰ Cir. 1999). "While a
complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual
allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires
more than labels and conclusions, and a formulaic recitation of the elements of a cause of action
will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (citations and
quotations omitted). A *pro se* complaint is to be liberally construed and is held to a less stringent
standard than a formal pleading drafted by a lawyer. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200
(2007).

## ANALYSIS

### I.    Defendant, as a judge, has absolute immunity from suit

While it is unclear from Plaintiff's Amended Complaint what he is alleging Defendant
did to violate his rights, it is clear that whatever it was happened regarding a filing deadline
and/or an order entered by Defendant in the context of Plaintiff's state criminal case. Thus,
Plaintiff's suit against Defendant is barred by the doctrine of absolute judicial immunity.

Judges, when acting in their capacity as judges, generally enjoy absolute immunity from
civil suits for money damages, including suits brought under 42 U.S.C. §1983. *See Mireles v.
Waco*, 502 U.S. 9, 11 (1991). Judges are entitled to absolute judicial immunity for all judicial
acts unless such acts were performed in the clear absence of jurisdiction. *Stump v. Sparkman*,
435 U.S. 349, 355-356 (1978). In *Stump*, the Supreme Court held that judicial immunity applies

unless the judge was acting without any jurisdiction whatsoever or the act was completely outside the realm of his judicial capacity. *Id.*, at 360, 361. The determination of whether a judge was acting within his or her jurisdiction does not depend on the correctness of the decision or procedure followed. Rather, "a judge is absolutely immune from liability from his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.*, at 359; *see also Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989). Additionally, judges are immune from liability for their judicial acts even if they have acted with malice or in excess of their authority. *Stump*, at 356. This immunity extends to judges of whatever status in the judicial hierarchy, including state, county, and municipal court judges. *See Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisc.,* 510 F.2d 130, 134 (7th Cir. 1975). Judicial immunity should be decided at the earliest possible point in litigation as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, at 10, citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In the Amended Complaint, Plaintiff's claims arise out of the allegations that Defendant set a filing deadline and entered an order during the criminal case against Plaintiff in the Circuit Court of Will County. Accordingly, Defendant is entitled to absolute judicial immunity from suit as well as from liability in this matter.

## II.    Plaintiff is not entitled to injunctive relief against Defendant

Section 1983 states "...in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Here, Plaintiff seeks injunctive relief in the return of his driver's license "per Secretary of State." Plaintiff has not

4

claimed that a declaratory decree was violated or that declaratory relief was unavailable. Thus, the injunctive relief sought against Defendant for the return of Plaintiff's driver's license is not appropriate under §1983.

## III.     This Court lacks subject matter jurisdiction to review Defendant's rulings

Even if §1983 did not prevent the Court from proceeding with Plaintiff's claims against Defendant, the Court lacks subject matter jurisdiction to review Defendant's rulings in Plaintiff's criminal case in state court under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman* 460 U.S. 462 (1983). *See also Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir.2002) ("Simply put, the *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments ... [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.' Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case.")(internal citations and footnote omitted). Thus, to the extent Plaintiff challenges rulings by Defendant in the state court that somehow caused Plaintiff to lose his driver's license, this Court lacks subject matter jurisdiction to review those rulings.

## IV.     Plaintiff has failed to state a claim

As discussed above, the Amended Complaint contains only one allegation specifically related to Defendant, which involves his setting a filing deadline and entering an order vacating Plaintiff's guilty plea, apparently during Plaintiff's state criminal case. (Amended Complaint ¶10) It is impossible to decipher from the Amended Complaint what Defendant is alleged to have

5

done in taking these actions that violated Plaintiff's rights; thus, Plaintiff has failed to state a

claim against Judge Richardson. Further, Plaintiff does not make any specific allegations against

Judge Richardson regarding equal protection violations he alleges generally against all of the

Defendants.

A bare allegation is not sufficient to state a claim, rather a complaint must at least

"indicate the parties, general purpose, and approximate date, so that the defendant has notice of

what he is charged with." *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). Additionally,

while "fact pleading" is not required, a complaint must "show that the pleader is entitled to

relief." F.R.C.P. 8(a)(2).

The Supreme Court has recently addressed the pleading requirement of Rule 8 in the

context of a Sherman Act conspiracy claim, and held that more than mere speculation is required;

a pleader must allege enough facts to make the claim "plausible" rather than merely speculative.

*Bell Atlantic, supra*. In so ruling, the Court specifically declined to follow the standard as set

forth by *Conley v. Gibson*, 355 U.S. 41 (1957), which stated that a court should only dismiss a

complaint when "it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitled him to relief." *Id*. at 45-46. Rather, the Court characterized the

*Conley* standard as "an incomplete, negative gloss on an accepted pleading standard," and further

held that *Conley* "described the breadth of opportunity to prove what an adequate complaint

claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Bell*

*Atlantic*, at 1960.

In evaluating Plaintiff's Amended Complaint against the standards as set forth by the

Supreme Court, as Plaintiff has failed to allege facts sufficient to create a "plausible" claim for a

6

violation by Defendant of Plaintiff's rights, Plaintiff's Amended Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Judge Richardson respectfully requests that this

Honorable Court dismiss Plaintiff's claims against him in their entirety with prejudice.

Respectfully submitted,

/s/ *Alice E. Keane*

LISA MADIGAN                                    ALICE E. KEANE
Illinois Attorney General                       Assistant Attorney General
                                                General Law Bureau
                                                100 W. Randolph Street, 13th Floor
                                                Chicago, Illinois 60601
                                                (312) 814-3711