

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH L. PINSON,           )
                            )
        Plaintiff,          )    No. 08 C 2284
                            )
        v.                  )    Honorable Virginia M. Kendall
                            )    Judge Presiding
WILL COUNTY STATES ATTORNEY )
OFFICE, et al.,             )
        Defendants.         )
                            )

FILED
AUG 2 2 2008  TC
Aug 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JUDGE RICHARSON'S MOTION TO DISMISS
IS TO VACATE SAID MOTION**

Plaintiff, Joseph L. Pinson, submits the memorandum of law in support of a motion to vacate, defendant Marzell Richardson and thru his attorney, Illinois Attorney General Office under Lisa Madigan, to dismiss the plaintiff amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to state a claim upon which relief may be granted.

**BACKGROUND**

Defendant, Marzell Richardson as a judical officer of the court is in the position of determining or evaluating is affidivats submitted by a law enforcement agency or not perjury, base on certain facts surrounding said evidence and common sense evaluation of such evidence. Marzell Ricardson, in his judical position fail in his role as a judical offficer of the court. Marzell Richardson in his capacity, that a declaratory decree was omitted. That the circuit court, has issue orders for non-minority offender to have install a Breath Alcohol Ignition Interlock Device (BAIID) with multifu violations. I was not offer such a device, even though I had no DUI conviction on record. The summary suspension was misinterper as a conviction and all concern of the court including Marzell Richardson, in the same situation motivated by total illegitmat (sic) animus. (1) the court and judge was totally discerned of all my liabilities that I had a obligations, mortgage of 1,975 a month and etc. without the abilities to travel to states to states and earn a substanial income. Non-minority was able to maintain their level of income and meet their liablities.

**JURISDICTION AND VENUE**

UNDER 28 U.S.C. 21 includes Civil rights Acts of 1866 & Civil Rights Act of 1871-CRA-1981, 1981a, 1983, & 1988 where as the Northern District Court has jurisdiction and venue when the equal protection clause of the Fourteenth Amendment of the Constitution of the United States is in questioned.

Marzell Richardson, as a judge, attitutes were of that of any persons violating the equal rights of a person, inwhich Marzell Richardson, is not immune, in violating as follows:

1981.   Equal rights under the law
1981a.  Damages in cases of intentional discrimination/ bias with Joseph Pinson
1983.   Civil action for deprivation of rights
1988.   Proceedings in vindication of civil rights

Marzell Richardson, in the capacity of a judge, does have immunity from civil lawsuits against a sittings judge, but not when a person high in the judicial system, have the judge, the state prosecutor, recind a nine-year suspension to the Secretary of State Office, removing the Statutory Summary Suspension completely, stem from one visit of this high official on August 13, 2005 to the Law firm of Phelan, Nolan, and Steve Landis office inwhich all mention can identify. The courts was petition to removed the companion tickets or charges in order to secure the driving privileges the court refused the Secretart of State could not grant Joseph Pinson a formal until the remove the charges the petition to the court continues, the refusal and denial continue, a declartory of decree was violated and was available thru omission, at the point the declaratory of decree had been distinguished from judgment or court opinions in that it doesn't provide a method of enforcement as of to date.

Plaintiff, Joseph Pinson has stated a claim in relation to the Defendants Marzell Richardson in the above statements to clarify the amended complaints on line (10) is now easy to decipher.

## CONCLUSION

For the foreging reasons, clarifying the amended complaints and submitting supportive document inwhich the Illinois Attorney General Office have ample the time to take on the issue of the equal laws of protection under ILCS of the court the was submitted to their office by The United State Justice Department, that was File under # 2007-CRC1523 with no inquiries to the complaint into possible corruption in Will County Court Systems of Justice.

Plaintiff, Joseph Pinson requesting, Honorable Court to vacate the motion of dismissal of Defendant Marzell Richardson in their entirely with prejudice.

Respectfully Submitted,

*Joseph L. Pinson*
Joseph L. Pinson

Joseph L. Pinson
11819 So. Emerald Av.
Chicago, IL. 60628
(773) 821-6651

P.S: supportive documents included:

# find US law

Array › Array

# Civil Rights Act of 1866 & Civil Rights Act of 1871 - CRA - 42 U.S. Code 21 §§1981, 1981A, 1983, & 1988

```
42 USC CHAPTER 21 - CIVIL RIGHTS


TITLE 42 - THE PUBLIC HEALTH AND WELFARE
CHAPTER 21 - CIVIL RIGHTS


Sec.
1981.      Equal rights under the law.
1981a.     Damages in cases of intentional discrimination in employment
1983.      Civil action for deprivation of rights.
1988.      Proceedings in vindication of civil rights.



Sec. 1981. Equal rights under the law

    (a) Statement of equal rights
    All persons within the jurisdiction of the United States shall
have the same right in every State and Territory to make and
enforce contracts, to sue, be parties, give evidence, and to the
full and equal benefit of all laws and proceedings for the security
of persons and property as is enjoyed by white citizens, and shall
be subject to like punishment, pains, penalties, taxes, licenses,
and exactions of every kind, and to no other.
    (b) "Make and enforce contracts" defined
    For purposes of this section, the term "make and enforce
contracts" includes the making, performance, modification, and
termination of contracts, and the enjoyment of all benefits,
privileges, terms, and conditions of the contractual relationship.
    (c) Protection against impairment
    The rights protected by this section are protected against
impairment by nongovernmental discrimination and impairment under
color of State law.


Sec. 1981a. Damages in cases of intentional discrimination in
```

employment

(a) Right of recovery
  (1) Civil rights
    In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5, 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. 2000e-2, 2000e-3, 2000e-16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
  (2) Disability
    In an action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5, 2000e-16] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)), and section 794a(a)(1) of title 29, respectively) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) under section 791 of title 29 and the regulations implementing section 791 of title 29, or who violated the requirements of section 791 of title 29 or the regulations implementing section 791 of title 29 concerning the provision of a reasonable accommodation, or section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112), or committed a violation of section 102(b)(5) of the Act, against an individual, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
  (3) Reasonable accommodation and good faith effort
    In cases where a discriminatory practice involves the provision of a reasonable accommodation pursuant to section 102(b)(5) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12112(b)(5)] or regulations implementing section 791 of title 29, damages may not be awarded under this section where the covered entity demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable

the operation of the business.

(b) Compensatory and punitive damages

(1) Determination of punitive damages

A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

(2) Exclusions from compensatory damages

Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5(g)].

(3) Limitations

The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party -

(A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;

(B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000; and

(C) in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000; and

(D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

(4) Construction

Nothing in this section shall be construed to limit the scope of, or the relief available under, section 1981 of this title.

(c) Jury trial

If a complaining party seeks compensatory or punitive damages under this section -

(1) any party may demand a trial by jury; and

(2) the court shall not inform the jury of the limitations described in subsection (b)(3) of this section.

(d) Definitions

The term "complaining party" means –

(A) in the case of a person seeking to bring an action under subsection (a)(1) of this section, the Equal Employment Opportunity Commission, the Attorney General, or a person who may bring an action or proceeding under title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.); or

(B) in the case of a person seeking to bring an action under subsection (a)(2) of this section, the Equal Employment Opportunity Commission, the Attorney General; a person who may bring an action or proceeding under section 794a(a)(1) of title 29, or a person who may bring an action or proceeding under title I of the Americans with Disabilities Act of 1990 [42 U.S.C. 12111 et seq.].

(2) Discriminatory practice

The term "discriminatory practice" means the discrimination described in paragraph (1), or the discrimination or the violation described in paragraph (2), of subsection (a) of this section.

*1983*

Sec. 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Sec. 1988. Proceedings in vindication of civil rights

(a) Applicability of statutory and common law

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United

States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

(b) Attorney's fees

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(c) Expert fees

In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, *in its discretion,* may include expert fees as part of the attorney's fee.

---

‹ Americans with Disabilities Act of 1990 - ADA - 42 U.S. Code Chapter 126 | up | Civil Rights Act of 1964 - CRA - Title VII - Equal Employment Opportunities - 42 US Code Chapter 21 ›

Race & National Origin

Disclaimer: The information contained in this web site, FindUSLaw, is provided as a service to the Internet community, and does not constitute legal advice. We try to provide quality employment law information, but we make no claims, promises or guarantees about the accuracy, completeness, or adequacy of the employment law information contained in or linked to this web site and its associated sites. As legal advice must be tailored to the specific circumstances of each case, and employment laws are constantly changing, nothing provided herein should be used as a substitute for the advice of competent counsel. Terms of Use

Supreme Court Center | US Laws | Blawgs.FM | BlawgSearch.com | Justia

Search Justia

Justia> Law> US Law> US Code> TITLE 18 — CRIMES AND CRIMINAL PROCEDURE> PART I — CRIMES> CHAPTER 13 — CIVIL RIGHTS> § 241. — Conspiracy against rights.

## § 241. — Conspiracy against rights.

```
From the U.S. Code Online via GPO Access
[wais.access.gpo.gov]
[Laws in effect as of January 24, 2002]
[Document not affected by Public Laws enacted between
   January 24, 2002 and December 19, 2002]
[CITE: 18USC241]


                  TITLE 18--CRIMES AND CRIMINAL PROCEDURE

                            PART I--CRIMES

                       CHAPTER 13--CIVIL RIGHTS

Sec. 241. Conspiracy against rights

     If two or more persons conspire to injure, oppress, threaten, or
intimidate any person in any State, Territory, Commonwealth, Possession,
or District in the free exercise or enjoyment of any right or privilege
secured to him by the Constitution or laws of the United States; or
because of his having so exercised the same; or
     If two or more persons go in disguise on the highway, or on the
premises of another, with intent to prevent or hinder his free exercise
or enjoyment of any right or privilege so secured--
     They shall be fined under this title or imprisoned not more than ten
years, or both; and if death results from the acts committed in
violation of this section or if such acts include kidnapping or an
attempt to kidnap, aggravated sexual abuse or an attempt to commit
aggravated sexual abuse, or an attempt to kill, they shall be fined
under this title or imprisoned for any term of years or for life, or
both, or may be sentenced to death.

(June 25, 1948, ch. 645, 62 Stat. 696; Pub. L. 90-284, title I,
Sec. 103(a), Apr. 11, 1968, 82 Stat. 75; Pub. L. 100-690, title VII,
Sec. 7018(a), (b)(1), Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103-322,
title VI, Sec. 60006(a), title XXXII, Secs. 320103(a), 320201(a), title
XXXIII, Sec. 330016(1)(L), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113,
2147; Pub. L. 104-294, title VI, Secs. 604(b)(14)(A), 607(a), Oct. 11,
1996, 110 Stat. 3507, 3511.)
```