IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH L. PINSON, | ) |
| | ) |
| Plaintiff, | ) No. 08 C 2284 |
| | ) |
| v. | ) Honorable Virginia M. Kendall |
| | ) Judge Presiding |
| WILL COUNTY STATES ATTORNEY | ) |
| OFFICE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**TO VACATE DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Joseph L. Pinson, submits the memorandum of law in support of a motion to vacated, defendants Marzell Richardson and thru his attorney, Illinois Attorney General Office under Lisa Madigan, to dismiss the plaintiff amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 129b(6 for failure to state a clain upon the omission that a violation of a declartory decree or that declaratory was unavailable.

BACKGROUND

Defendants, Marzell richarson as a judical officer of the court is in the position of determining or evaluating and rendering a judical decisions of the valicities of affidivats, submitted by a law enforcement agency or not perjuried, based on certain fact surrounding said evidence and a little common sense evaluation of such evidence. Marzell Richardson, in his judical position failed in his role as a judical officer of the court. Marzell Richardson in his capacity, that a declartory decree was omitted.

That the circuit court, has issue orders for non-minority offenders to install a Breath Alcoho Ignition Interlock Device with mulitiple DUI violations. I was not offer such a device, evern though I has no DUI coviction on record. The summary suspension was misinterper as a conviction, rather than a permit to travel from Shorewood to Plano to the Secretary State Office after my license expired on my birth date. The prosecutors and including Mazell Richardson, placed himself in the same situation motivated by total illegitmat (sic) animus.
The prosecutor and Marzell Richardson was totally discemible of all my financial obligations mortgage of 1,875 a month and etc. without the abilities to travel from states to states on major transit project to earn a substanial income. Non-minority was able to maintain their level of income and meet their liabilities with the installation of the (BAIID) device at the Judge discretion.

JURISDICTION AND VENUE

Under 28 U.S.C. 21 includes Civil Rights Acts of 1866 & Civil Rights Ast of 1871-CRA-1981, 1981a, 1988 where as the Northern District Court has jurisdiction and venue whwn the equal protection clauses of the Fourteenth Amendmentsof the Constitution of the United Stated of America is in questioned. see note:

ASARCO Inc. V.Kadish, 490 U.S. 605, 622, 109 S. Ct. 2037, 2048 104L.ED.2d 696 (1989) Where the plaintiffs are not attenpting to challenge or appeal any particle state court decision, rather they are challenging the constitutionality of a broad statutory scheme which they claim to deprives individuals of significant property and liberty interests without due process of law.

The Rooker-Feldman doctrine does not bar this type of law where a party is challenging the constitutionality of a state staute on its face.

The Illinois Attorney General Office had ample time to take on the issue of equal protection of the law that was submitted to their office by the United State Justice Department, that was filed under # 2007-crc1523 with no inquiries to equal protection of the law violations.

Marzell Richarson, as a judge, positions were that of any persons or enforcement agency violating the equal protection of the law, is not immune in violatings under:

U.S,C. 21 sec.
1981   Equal rights under the law
1981a  Damages in cases of intentional discrimination and bias against Joseph Pinson
1983   Civil action for deprivation of rights, and
1988,  Proceedings in vindication of civil rights

Marzell Richardson, in the capacity of a judge, does have immunity from civil lawsuits against a sittings judge, but not when a person high in the judicial system, have the judge, the state prosecutor, resind a nine-year suspension to the Secretary of State Office, removing the Statutory Summary Suspension completely, stem from one visit of this high official on August 13, 2005 to the Law firm of Phelan, Nolan, and Steve Landis office inwhich all mention can identify. The courts was petition to removed the companion tickets or charges in order to secure the driving priviliges the court refused the Secratart of State could not grant Joseph Pinson a formal until the remove the charges the petition to the court continues, the refusal and denial continue, a declartory of decree was violated and was available thru omission, at the point the declaratory of decree had been distinguished from judgment or court opinions in that it doesn't provide a method of enforcement as of to date.

Plaintiff, Joseph Pinson has stated a claim in relation to the Defendants Marzell Richardson in the above statements to clarify the amended complaints on line (10) is now easy to decipher.

## CONCLUSION

For the foreging reasons, clarifying the amended complaints and submitting supportive document inwhich the Illinois Attorney General Office have ample the time to take on the issue of the equal laws of protection under ILCS of the court the was submitted to their office by The United State Justice Department, that was File under # 2007-CRC1523 with no inquiries to the complaint into possible corruption in Will County Court Systems of Justice.

Plaintiff, Joseph Pinson requesting, Honorable Court to vacate the motion of dismissal of Defendant Marzell Richardson in their entirely with prejudice.

Respectfully Submitted,

*Joseph L. Pinson* (signature)

Joseph L. Pinson

Joseph L. Pinson
11819 So. Emerald Av.
Chicago, IL. 60628
(773) 821-6651

P.S: supportive documents included: