IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Joseph L. Pinson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   08 cv 02284 |
| ) | |
| Will County States Attorney Office, et al., ) | The Honorable Judge Virginia M. Kendall |
| ) | |
| Defendants. ) | |

### DEFENDANT SHOREWOOD POLICE DEPARTMENT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant SHOREWOOD POLICE DEPARTMENT, by and through its counsel, JAMES G. SOTOS and SARA M. CLIFFE of JAMES G. SOTOS & ASSOCIATES, LTD., hereby moves this Honorable Court for entry of an Order dismissing it from Plaintiff's Amended Complaint with prejudice.

In support of this Motion, Defendant states as follows:

1. Plaintiff filed a civil rights complaint in this Court on April 22, 2008, alleging that various Defendants, including the SHOREWOOD POLICE DEPARTMENT, violated his right to equal protection under both the United States and Illinois Constitutions.

2. Plaintiff filed an Amended Complaint on June 23, 2008 containing the same allegations.

3. A complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

4. Plaintiff's claims pursuant to § 1983 against SHOREWOOD POLICE DEPARTMENT are subject to dismissal because:

A.  Plaintiff has failed to name the proper party, Village of Shorewood. *See West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997) ("The naming of the Town's Police Department as a defendant adds nothing; it is almost certainly not a suable entity separate from the Town."); *Truesdale v. Guerra*, Case No. 07 C 3058, slip op., 2008 WL 1968773 at *7 (N.D.Ill., May 1, 2008)(recognizing that Village of Orland Park is the proper party rather than its police department);

B.  Plaintiff's claims are barred by the two year statute of limitations applicable to § 1983 claims. *Wallace v. Kato*, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 930 (7th Cir. 2005) (holding that claim of denial of equal protection based upon events occurring more than two years prior is time-barred); *Brooks v. Davey*, Case No. 08 C 93, slip op, .– F.Supp.2d –, 2008 WL 3252833 (N.D.Ill. Aug. 6, 2008) (Order granting motion to dismiss on the basis of the statute of limitations); 735 ILCS 5/13-202;

C.  Plaintiff fails to state a claim upon which relief can be granted under the Fourth Amendment for unlawful entry of his home or excessive force. *See Bell Atlantic Corp. v. Twombly*, – U.S. —, 127 S.Ct. 1955, 1964-65 (2007). *See also, Payton v. New York*, 445 U.S. 573, 603 (1980) (arrest warrant founded on probable cause implicitly provides the limited authority to enter an arrestee's home with reasonable belief that he is present); *Richman v. Sheahan*, 512 F.3d 876, 882 (7th Cir. 2008) (whether force used was excessive is determined by examining if officers actions were objectively reasonable in light of the circumstances confronting them);

      D.      There is no federal cause of action for malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 750-52 (7th Cir. 2001);

      E.      Plaintiff has not alleged that his convictions have been reversed, overturned or otherwise set aside. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.E.2d 383 (1994); and

      F.      Plaintiff has not advanced any allegations to support a claim against the Village of Shorewood in accordance with *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and its progeny. *See Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). *Truesdale v. Guerra,* Case No. 07 C 3058, slip op., 2008 WL 1968773, *7 n. 15 (N.D.Ill., May 1, 2008).

5.      Plaintiff's claims against the Shorewood Police Department under Illinois law are subject to dismissal because:

      A.      They are barred by the statute of limitations contained in the *Local Governmental and Governmental Employees Tort Immunity Act*, 745 ILCS 10 *et seq.* 745 ILCS 10/8-101(a) and (c); *Ferguson v. City of Chicago*, 213 Ill.2d 94, 99, 820 N.E.2d 455, 459, 289 Ill.Dec. 679, 683 (2004) and

      B.      Plaintiff has failed to allege that the underlying proceedings were terminated in a manner indicative of his innocence. *Swick v. Liautaud*, 169 Ill.2d 504, 513-14, 662 N.E.2d 1238 (1996); *Brown v. Star*, 494 F.Supp.2d 914, 916-17 (N.D.Ill. 2007) (denying motion to dismiss where plaintiff alleged the underlying proceedings were terminated in her favor).

6.      Finally, Plaintiff's request for punitive damages against the Shorewood Police Department should be stricken as it is immune from such damages under both federal and State law. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762 (1981); *Cadiz v. Kruger*, Case No. 06 C 5463, slip op., 2007 WL 4293976, *8 n. 6 (N.D.Ill., Nov. 29, 2007); *Anderson v. Bd. of Ed. of City of Chicago*, 169 F.Supp.2d 864, 871-72 (N.D.Ill. 2001); 745 ILCS 10/20-102.

For the foregoing reasons, Defendant SHOREWOOD POLICE DEPARTMENT respectfully requests that this Honorable Court enter an Order dismissing it from Plaintiff's Amended Complaint in its entirety with prejudice.

Dated: September 2, 2008

                         Respectfully submitted,

                         s/Sara M. Cliffe
                         Sara M. Cliffe, Attorney No. 06273803
                         JAMES G. SOTOS & ASSOCIATES, LTD.
                         550 East Devon, Suite 150
                         Itasca, Illinois 60143
                         630-735-3300
                         630-773-0980 (fax)
                         scliffe@jsotoslaw.com
                         *One of the Attorneys for*
                         *Defendant Shorewood Police Department*

STATE OF ILLINOIS    )
                               ) SS.
COUNTY OF DU PAGE    )

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, September 2, 2008, I electronically filed the foregoing **Defendant Shorewood Police Department's Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Alice Elizabeth Keane, Matthew R. Henderson, David M Schultz, Nabil G. Foster.

and I further certify that I have mailed via Fed Ex, a copy of the foregoing to the following non-CM/ECF participant on Tuesday, September 2, 2008:

Joseph L. Pinson
11819 S. Emerald Avenue
Chicago, IL 60628

                                                    s/Sara M. Cliffe
                                                    Sara M. Cliffe, Attorney No. 06273803
                                                    JAMES G. SOTOS & ASSOCIATES, LTD.
                                                    550 East Devon, Suite 150
                                                    Itasca, Illinois 60143
                                                    630-735-3300
                                                    630-773-0980 (fax)
                                                    scliffe@jsotoslaw.com
                                                    *One of the Attorneys for*
                                                    *Defendant Shorewood Police Department*