## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Joseph L. Pinson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    08 cv 02284 |
| | ) | |
| Will County States Attorney Office, et al., | ) | The Honorable Judge Virginia M. Kendall |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SHOREWOOD POLICE DEPARTMENT'S
## MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL

### STANDARD ON A 12(b)(6) MOTION TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) considers whether a plaintiff has stated a claim upon which relief can be granted, FED. R. CIV. P. 12(B)(6), and also assumes that all well-pleaded factual allegations are true and draws all reasonable inferences in favor of the plaintiff. *Smith & Nephew, Inc. v. Andrews*, Case No. 06 C 2527, *slip op.*, 2007 WL 772947, *2 (N.D.Ill., March 7, 2007). Although a Complaint need not include detailed factual allegations, plaintiffs are still required to provide the "grounds" for "entitlement to relief" and this requires more than labels and conclusions, or a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, – U.S. —, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Thus, a court is not required to accept legal conclusions or unsupported conclusions of fact as true, or to ignore facts alleged in the complaint that undermine the plaintiff's claim. *Davit v. Davit*, 366 F.Supp.2d 641, 649 (N.D.Ill. 2004). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level..." *Bell*, 127 S.Ct. at 1965.

## STATEMENT OF FACTS

On April 22, 2008, Plaintiff filed his Original Complaint in this matter (PACER Doc. No. 1, Complaint of Joseph L. Pinson). By Order dated June 10, 2008, this Honorable Court dismissed that Complaint pursuant to 28 U.S.C. ¶ 1915(e). (Case No. 08 C 2284, *Pinson v. Will County State's Attorney Office et al.*, Order Dismissing Complaint Without Prejudice, June 10, 2008, PACER Doc. No. 6.) Then, by Order dated June 23, 2008, this Honorable Court granted Plaintiff's Motion to reinstate the case and for leave to proceed in *forma pauperis*. (Case No. 08 C 2284, *Pinson v. Will County State's Attorney Office et al.*, Order dated June 23, 2008, PACER Doc. No. 9.) Plaintiff filed his Amended Complaint on June 23, 2008. (PACER DOC. No. 10.)

Plaintiff's Amended Complaint was brought against numerous entities, including Defendant SHOREWOOD POLICE DEPARTMENT ("Shorewood").[1] Plaintiff brings no claims against an individual officer or employee of Shorewood, but only against Shorewood itself.

Plaintiff's Amended Complaint alleges that witnesses Bruemmer and Pilon submitted perjury sworned (sic) affidavits in 2003 with the assistance of the Shorewood Police (Am. Compl., ¶¶ 15 and 16.) These affidavits concerned a traffic stop that occurred on March 15, 2003 (*Id.*, ¶ 15), and resulted in Case Nos. 03 DT366 and 03 TR 25099-106 (*Id.*, ¶ 7.) Plaintiff pleaded guilty to some of these charges and the remaining charges were dismissed on April 21, 2004. (*Id.*, ¶¶ 10 and 11.) Plaintiff was advised by the Circuit Court of Will County that he had thirty days to change his plea to not guilty and have a jury trial. (*Id.*, ¶ 10),

---

[1] Plaintiff named the Shorewood Police Department as a Defendant in this case. However, the Shorewood Police Department is not a legally recognized entity separate from the Village of Shorewood, and therefore, is not a suable party. *See West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997) ("The naming of the Town's Police Department as a defendant adds nothing; it is almost certainly not a suable entity separate from the Town."); *Truesdale v. Guerra*, Case No. 07 C 3058, slip op., 2008 WL 1968773 at *7 (N.D.Ill., May 1, 2008)(recognizing that Village of Orland Park is the proper party rather than its police department).

Plaintiff was again arrested on March 2, 2004 for operating his vehicle. (*Id.*, ¶ 19.)
Plaintiff alleges that the Shorewood Police brought perjury charges against him (*Id.*). Plaintiff
also alleges that the traffic matter that resulted from this charge was at the pre-trial stage from
March 18 through August 8, 2005 and resulted in a conviction. (*Id.*)

On August 13, 2004, Plaintiff's Motion to change his guilty plea, presumably entered in
one or more of the Cases 03 DT 366 and 03 TR 25099-106, was denied. (*Id.*, ¶ 10.) Then on
June 18, 2007, Plaintiff filed a Petition to review Case Nos. 03 DT 366 and 03 TR 25099-106
which was also denied. (*Id.*, ¶ 11.) Finally, on July 16, 2007, Plaintiff's Motion for a jury trial
was denied. (*Id.*, ¶ 12.)

Plaintiff was arrested a third time on January 29, 2007, presumably by Shorewood Police
due to the issuance of warrants for Case No. 03 DT 366 by the Will County State's Attorney's
Office. (*Id.*, ¶ 8.)

Plaintiff alleges that the Shorewood Police "has committed a numerous of breaking and
entering dangerous, drawing and pointing their service revolver at his head (sic)." (*Id.*, ¶ 13.)
Plaintiff's Amended Complaint also alleges that Shorewood Police have "contantly (sic)
committed civil right (sic) violations, submitted perjury sworned (sic) affidavits of traffic
violation and elevated felong (sic) charges to the States Attorney, that their own video tapes
cannot support the charges." (*Id.*, ¶ 14.)

Plaintiff alleges that the above allegations state a claim for violation of his right to Equal
Protection, as provided for in the Fourth and Fourteenth Amendments, pursuant to 28 U.S.C. §
1983 and in the Constitution of the State of Illinois. (*Id.*, ¶¶ 1, 2, 23 and 25.)

## ARGUMENT

**I.     PLAINTIFF'S FEDERAL CLAIMS AGAINST SHOREWOOD ARE SUBJECT TO DISMISSAL UNDER THE STATUTE OF LIMITATIONS AND BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM**

In Count I, Plaintiff alleges a violation of his right to equal protection of the laws in violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (Am. Compl., ¶ 23.) The Fourth Amendment does not provide for equal protection of the law, but does address unlawful search and seizure, including false arrest, false imprisonment, unlawful entry into a home, and the use of excessive force. U.S.C.A. Const. Amend. 4; *U.S. v. Grogg*, 534 F.3d 807, 810 (7th Cir. 2008); *Richman v. Sheahan,* 512 F.3d 876 (7th Cir. 2008); *Sparing v. Village of Olympia Fields*, 266 F.3d 684, 688 (7th Cir. 2001).

Read liberally, the factual allegations in Plaintiff's Amended Complaint may be read to attempt to set forth:  (1) false arrest and/or false imprisonment (Am. Compl, ¶¶ 7, 8, 14-16 and 19); (2) unlawful entry (*Id.*, ¶ 13); and (3) excessive force[2] (*Id.*) in violation of the Fourth Amendment.  Plaintiff's Amended Complaint may also be read to assert the Fourteenth Amendment claims of (4) malicious prosecution (*Id.*, ¶¶ 7, 8, 13-19); and (5) a denial of equal

---

[2]  The allegations of the Amended Complaint, that Shorewood police have "committed a numerous of breaking and entering dangerous, drawing and pointing their service revolver at his head (sic)" (Am. Compl., ¶ 13)  are less than clear.  Plaintiff's Original Complaint also contained these allegations, specifically providing the following passage: "Shorewood Police, has committed breaking and entering without authorized permission of Joseph Pinson private property (sic), towing trailer (sic), seizure of private vehicles (sic), harassment (sic), racial discrimination, false statement of being armed and dangerous, drawing and pointing their service revolver at his head." (Compl., ¶ 8.)

However, the filing of an amended complaint supercedes the original complaint and facts contained therein are considered *functus officio. Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204-5 (7th Cir. 1998).  Nevertheless, even were this Honorable Court inclined to reference the Original Complaint for purposes of these allegations, dismissal would remain appropriate as Plaintiff fails to provide any allegations that the towing of his trailer and seizure of his private vehicles were not done lawfully, or to establish more than mere conclusory assertions of harassment and racial discrimination. *See Bell*, 127 S.Ct. at 1964-65.

protection (*Id.*, ¶ 23). 42 U.S.C. § 1983 provides the cause of action for these claims. (Am.

Compl., Count I). *Vasquez v. Hernandez*, 60 F.3d 325, 333 (7th Cir. 1995), citing *Wyatt v. Cole*,

504 U.S. 158, 161, 112 S.Ct. 1827, 1830, 118 L.E.2d 504 (1992). .

### A.  Claims for False Arrest and/or False Imprisonment Are Barred By The Applicable Statute of Limitations

The statute of limitations period for § 1983 claims is the same as that provided for

personal injury torts in the State in which the claim is brought. *Wallace v. Kato*, – U.S. –, 127

S.Ct. 1091, 1094, 166 L.E.2d 973 (2007). In Illinois, this period is two years. 735 ILCS 5/13-

202. Although a plaintiff is not required to anticipate or overcome a statute of limitations, he

may plead himself out of court by providing information sufficient to establish the defense.

*Johnson v. Garza*, Case No. 07 C 6862, slip op., – F.Supp.2d –, 2008 WL 2700296, *2 (N.D.Ill.

July 11, 2008) (Order granting and denying in part Defendants' Motion to Dismiss); *Davit*, 366

F.Supp.2d at 649 (a court is not required to ignore facts alleged in the complaint that undermine

the plaintiff's claim.)

The United States Supreme Court held in *Wallace* that the two year statute of limitations

for false arrest and false imprisonment claims, where the arrest was followed by criminal

proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.

127 S.Ct. at 1100. Plaintiff's Amended Complaint provides that he was arrested three (3) times.

(Am. Compl., ¶¶ 8, 14-16 and 19.)

### 1.  Plaintiff's March 15, 2003 Detention/Arrest

Plaintiff's Amended Complaint alleges that he was first detained/arrested on March 15,

2003. (Am. Compl., ¶¶ 14-16.)[3] Plaintiff alleges that this detention/arrest was effectuated by the

allegedly false witness statements of co-Defendants Bruemmer and Pilon and resulted in Will

County Circuit Court Case Numbers 03 DT 366 and 03 TR 25099 through 106 (*Id.*, ¶¶ 7 and 14-

16), at least some of which were resolved by a plea of guilty on or about April 21, 2004. (*Id.*, ¶

10.)  However, Plaintiff did not file his initial Complaint in this case until April 22, 2008.

(PACER Doc. No. 1.)  Any § 1983 claim based upon the March 15, 2003 arrest is barred the two

year statute of limitations and should be dismissed because Plaintiff did not file his Original

Complaint until April 22, 2008, almost exactly four years after the termination of the legal

proceedings that resulted from the March 15, 2003 arrest. *See Wallace*, 127 S.Ct. at 1094-95 and

1100; 735 ILCS 5/13-202.[4]

2.    <u>Plaintiff's March 2, 2004 Detention/Arrest</u>

Likewise, any § 1983 claim based upon Plaintiff's detention/arrest on March 2, 2004[5] is

also time-barred.  Plaintiff alleges that his March 2, 2004 detention/arrest resulted in Case 04 TR

022965, which was in the pre-trial stage between March 18, 2004 and August 8, 2005. (Am.

Compl., ¶ 19.)  As a result, Plaintiff was detained by legal process at some point prior to August

8, 2005. (*Id.*)  Yet Plaintiff's Original Complaint was not filed until April 22, 2008, two (2)

---

[3] Plaintiff's Amended Complaint does not allege if he was arrested or just ticketed on March 15, 2003. (Am. Compl., ¶ 7, 14 and 15.)

[4] Although the discovery rule may toll a statute of limitations where a plaintiff first learns of fabricated or exculpatory information within the statutory period, *see Johnson*, 2008 WL 2700296 at * 3, the rule is not applicable here because Plaintiff alleges that his counsel had knowledge of the allegedly false witness statements in 2004. (Am. Compl., ¶ 17.)

[5] Plaintiff's Amended Complaint does not indicate if he was arrested on March 2, 2004 or just ticketed. (Am. Compl., ¶ 19.)

years and eight (8) months later. As a result, any claim under § 1983 based upon Plaintiff's

March 2, 2004 detention/arrest is time-barred and should be dismissed. *See Wallace*, 127 S.Ct. at

1094-95 and 1100; 735 ILCS 5/13-202.

        3.     Plaintiff's January 27, 2007 Arrest

      Finally, Plaintiff alleges that he was falsely arrested on January 27, 2007 based upon two

warrants issued by the Will County State's Attorney's Office relating to Case No. 03 DT 366.

(Am. Compl., ¶ 8.)[6] As explained below, any suit premised upon this arrest is untimely as well.

      Just last month, Judge Bucklo dismissed what would have otherwise been a timely § 1983

claim of false arrest on facts nearly identical to those in the case at bar. *Brooks v. Davey*, Case

No. 08 C 93, slip op, .– F.Supp.2d –, 2008 WL 3252833 (N.D.Ill. Aug. 6, 2008) (Order granting

motion to dismiss on the basis of the statute of limitations). In *Brooks*, the plaintiff was

originally arrested on May 18, 2004 and his complaint alleged that he was unlawfully seized and

searched at that time. *Id.* at *1. Additionally, a warrant was issued for the plaintiff's arrest on

July 22, 2004, when he failed to appear and answer for an indictment that resulted from his 2004

arrest, and he was then arrested again on May 7, 2007 pursuant to that warrant. *Id.* The plaintiff

asserted in his complaint that his 2007 arrest was unlawful because there was no probable cause

for the original 2004 arrest. *Id.* Judge Bucklo held that the false arrest claim based upon the

2007 arrest was time-barred because it "hinged entirely on the propriety of the 2004 arrest,"

which was outside the limitations period. *Id.* at *2.

---

    [6] Importantly, this allegation also compels dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because it establishes that the 2007 arrest was supported by probable cause. *Lopez v. City of Chicago*, 464 F.3d 711, 718-19 (7th Cir. 2006) (determination of probable cause may be made before arrest in the form of an arrest warrant); *U.S. v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006) (information that a warrant for arrest existed provided probable cause for arrest even if the information was incorrect); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 900 n. 9 (7th Cir. 2001) (the issuance of a warrant is "legal process").

In the present case, Plaintiff alleges that his 2007 arrest resulted from the issuance of warrants relating to Case No. 03 DT 366, which was itself based upon the allegedly unlawful detainment/arrest of March 15, 2003 and which was resolved on April 21, 2004. (Am. Compl., ¶¶ 7, 8, 14 and 15 .) Such allegations establish that any § 1983 claim arising from Plaintiff's 2007 arrest hinges entirely on the propriety of the 2003 detainment/arrest, and is therefore, barred by the statute of limitations and should be dismissed. *See Brooks*, 2008 WL 3252833 at *2.

**B.     Any Claim Based Upon the Alleged Breaking and Entering is Subject to Dismissal for Failure to State a Claim**

Plaintiff alleges that Shorewood Police have committed numerous acts of breaking and entering. (Am. Compl., ¶ 13.) For the reasons provided above, any such claims based upon events that occurred more than two years prior to the filing of Plaintiff's Original Complaint would be time-barred. *See Wallace*, 127 S.Ct. at 1094-95 and 1100; 735 ILCS 5/13-202.

Additionally, any claim based upon the entry of Shorewood Police into Plaintiff's residence is subject to dismissal pursuant to Rule 12(b)(6) because Plaintiff has not provided sufficient allegations in his Amended Complaint to state a claim. Plaintiff does not allege that the purported entry onto his property was unlawful (Am. Compl., ¶ 13,) and he provides no facts which would indicate that it was so. *See Payton v. New York*, 445 U.S. 573, 603, 100 S.Ct. 1371, 64 L.E.2d 639 (1980) (arrest warrant founded on probable cause implicitly provides the limited authority to enter an arrestee's home with reasonable belief that he is present).

Plaintiff must provide more than a mere label or conclusion to state a claim. *See Bell*, 127 S.Ct. at 1964-65. Because Plaintiff fails to do so, any claim that Shorewood Police unlawfully entered his home must be dismissed.

**C.     Any Claim that Shorewood Police Used Excessive Force is Subject to Dismissal For Failure to State a Claim**

Plaintiff alleges that Shorewood Police pointed their service revolver at his head. (Am. Compl., ¶ 13.) Initially, any claim of excessive force based upon any act that occurred prior to two years of April 22, 2008 when Plaintiff filed his Original Complaint is time-barred.[7]  *See Wallace*, 127 S.Ct. at 1094-95 and 1100; 735 ILCS 5/13-202.

Additionally, however, Plaintiff's Amended Complaint does not contain one factual allegation that would even suggest that the alleged use of a weapon was not justified under the circumstances. *Richman v. Sheahan*, 512 F.3d 876, 882 (7th Cir. 2008) (whether force used was excessive is determined by examining if officers actions were objectively reasonable in light of the circumstances confronting them). As such, Plaintiff has failed to state a claim based upon any alleged use of excessive force and dismissal of any such claim is appropriate pursuant to Fed. R. Civ. Proc. 12(b)(6). *See Bell*, 127 S.Ct. at 1964-65.

**D.     Any Federal Claim for Malicious Prosecution is Not Cognizable**

In *Wallace v. Kato*, the United States Supreme Court held that detention after the institution of legal process is not recoverable as a claim for false arrest or false imprisonment, but rather as one for malicious prosecution. 127 S.Ct. at 1096. Indeed, a claim of malicious prosecution provides redress for the wrongful institution of legal process. *Id.*

Plaintiff's Amended Complaint can be read to assert that his March 2003 arrest, allegedly wrongfully effectuated by the false statements of co-Defendants Bruemmer and Pilon (Am.

---

[7] For example, an exhibit attached to Plaintiff's Original Complaint indicates that the service revolver was pointed at him during the March 15, 2003 arrest. (Report of Officer Poulsen, Orig. Compl., p. 15 of 48) ("Fearing for my safety I unholstered my weapon aiming it towards Pinson.")

Compl., ¶¶ 7 and 14-16), resulted in the wrongful institution of legal process and the warrants that caused his 2007 arrest. (*Id.*, ¶¶ 7, 8, 10-12 and 17-19.)   Likewise, Plaintiff seemingly alleges that the purportedly false 2004 arrest also led to the wrongful institution of legal process as it resulted in a conviction (*Id.*, ¶ 19.)   However, there is no federal cause of action for malicious prosecution in this circuit because Illinois provides such a cause of action, *Newsome v. McCabe*, 256 F.3d 747, 750-52 (7th Cir. 2001); *Swick v. Liautaud*, 169 ill.2d 504, 512, 662 N.E.2d 1238, 215 Ill.Dec. 98 (1996), rendering any such claim under 42 U.S.C. § 1983 subject to dismissal.

      E.      <u>Any Claim for A Violation of Equal Protection is Time-Barred</u>

Finally, as discussed above, each of the acts alleged to have been undertaken by Shorewood Police with sufficient clarity to state a claim occurred more than two years prior to the filing of Plaintiff's Original Complaint. (PACER Doc. No. 1; Am. Compl., ¶¶ 7, 8, 13-16 and 19.)   As a result, any claim that these acts constitute a denial of equal protection is barred by the two year statute of limitations applicable to claims under 42 U.S.C. § 1983. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 930 (7th Cir. 2005) (holding that claim of denial of equal protection based upon events occurring more than two years prior is time-barred).   Accordingly, Plaintiff's claim of a denial of equal protection pursuant to 42 U.S.C. § 1983 should be dismissed.

**II.    ANY STATE LAW CLAIM CONTAINED IN COUNT II IS SUBJECT TO DISMISSAL AS BARRED BY THE STATUTE OF LIMITATIONS CONTAINED IN THE ILLINOIS *TORT IMMUNITY ACT***

In Count II, Plaintiff alleges a violation of his right to equal protection under the Illinois Constitution. (Am. Compl., ¶ 25.)   However, any state law claim against Shorewood is barred by

the statute of limitations contained in the *Local Governmental and Governmental Employees Tort Immunity Act*, 745 ILCS 10 *et seq.* ("Tort Immunity Act" or "the Act").

The *Tort Immunity Act* requires that actions against a local entity or its employees be brought within one year from the date of injury or the accrual of the cause of action. 745 ILCS 10/8-101(a); *Ferguson v. City of Chicago*, 213 Ill.2d 94, 99, 820 N.E.2d 455, 459, 289 Ill.Dec. 679, 683 (2004). This limitation applies to "any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8-101(c).

Plaintiff filed his Original Complaint in this cause on April 22, 2008. (PACER Doc. No. 1.) In the Amended Complaint, all acts alleged to have been taken by the Shorewood Police Department occurred before April 22, 2007. As a result, any State law claim against Shorewood is barred by the one-year statute of limitations provided in the Act. *See* 745 ILCS 10/8-101(c). Count II should, therefore, be dismissed as against Shorewood.

**III.    PLAINTIFF'S AMENDED COMPLAINT IS SUBJECT TO DISMISSAL BECAUSE HE HAS NOT ALLEGED THAT THE UNDERLYING CRIMINAL CONVICTIONS HAVE BEEN REVERSED, OVERTURNED OR OTHERWISE SET ASIDE OR THAT THE UNDERLYING CRIMINAL PROCEEDINGS TERMINATED IN HIS FAVOR**

Plaintiff's § 1983 claims are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) because Plaintiff has not alleged that the judgments rendered against him have been reversed, overturned or otherwise set aside. In *Heck*, the Court held that a § 1983 plaintiff seeking to recover damages for allegedly unconstitutional conviction, imprisonment, or other harm, caused by actions whose unlawfulness would render the conviction or sentence invalid, must prove that the conviction or sentence has been reversed or otherwise set aside. *Id.* at 486-87, 114 S.Ct. at 2372. Indeed, the Court pronounced that "[a] claim for

Page 11 of 15

damages bearing that relationship to a conviction or sentence that has not been so invalidated is

not cognizable under § 1983." *Id.* at 487, 114 S.Ct. at 2372. Thus, where a district court

determines that a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence, "the complaint *must be dismissed* unless the plaintiff can demonstrate

that the conviction or sentence has already been invalidated." *Id.* (emphasis added). *Accord,*

*Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 1589, 137 L.E.2d 906 (1997) (a § 1983

suit is either cognizable and should go forward, or is not cognizable and should be dismissed);

*Fontanez v. State of Illinois*, Case No. 06-C-6997, *slip op.*, 2007 WL 187984, *5 (N.D.Ill., Jan.

18, 2007)(holding that *Heck* requires dismissal pursuant to Rule 12(b)(6)).

   Plaintiff's Amended Complaint establishes that he pleaded guilty to at least one of the

Cases that resulted from his March, 2003 arrest/detention on April 21, 2004 (Am. Compl., ¶¶ 7,

8, 10-11 and 15-16) and that his March 2, 2004 arrest resulted in a conviction. (*Id.*, ¶ 19.)

Plaintiff's Amended Complaint does not allege that either of these convictions has been

overturned or otherwise set aside. In fact, Plaintiff's allegations that he has been unsuccessful in

his attempts to appeal those proceedings (Am. Compl., ¶¶ 10-12) establish that they have not

been so reversed. As a result, *Heck* bars any claim arising therefrom. *See* 512 U.S. at 487, 114

S.Ct. at 2372. Further, because the January 2007 arrest was based upon the charges brought

against Plaintiff as part of Case No. 03 DT 366 and he fails to allege that that conviction has been

reversed, overturned or otherwise set aside, *Heck* bars any claim arising from the 2007 arrest as

well. *See Id.*; *Brooks*, 2008 WL 3252833 at *2.

   Likewise, any claim in Count II for malicious prosecution under Illinois law is subject to

dismissal because Plaintiff has not alleged that the underlying proceedings were terminated in his

favor or in a manner indicative of his innocence, which is necessary to state a claim. *Swick,* 169

Ill.2d at 512. *See also, Brown v. Star*, 494 F.Supp.2d 914, 916-17 (N.D.Ill. 2007) (denying

motion to dismiss where plaintiff alleged the underlying proceedings were terminated in her

favor).

**IV.    SHOREWOOD IS ENTITLED TO DISMISSAL OF PLAINTIFF'S AMENDED
         COMPLAINT BECAUSE IT CONTAINS NO ALLEGATION TO SUPPORT A
         *MONELL* CLAIM**

Plaintiff's § 1983 claim against Shorewood in Count I must be evaluated under *Monell v.*

*Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611

(1978) and its progeny. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). In *Monell,*

the United States Supreme Court held that a municipality may not be held liable on a theory of

*respondeat superior.* Rather, in order to state a claim against a municipality pursuant to § 1983,

a plaintiff must allege that his rights were violated by (1) an express policy of the municipality;

(2) a widespread practice of the municipality; or (3) that his injury was caused by a final policy

maker of the municipality. *Id.; Truesdale*, 2008 WL 1968773 at *7 n. 15.

There is no allegation in Plaintiff's Amended Complaint that Shorewood has an express

policy that resulted in the violation of his rights. Plaintiff does not allege that any widespread

practice or decision of a final policy maker caused him injury. Therefore, Plaintiff's Amended

Complaint fails to contain any allegations to state a claim against Shorewood pursuant to *Monell*.

Because Plaintiff must allege a *Monell* claim against Shorewood but has failed to do so,

Shorewood is entitled to dismissal from Count I of Plaintiff's Amended Complaint.

## V.    ANY CLAIM FOR PUNITIVE DAMAGES AGAINST SHOREWOOD IS SUBJECT TO DISMISSAL

Plaintiff's request for punitive damages contained in Counts I and II should be stricken. The United States Supreme Court has recognized that a municipal agency is not susceptible to awards of punitive damages in suits under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.E.2d 616 (1981); *Cadiz v. Kruger*, Case No. 06 C 5463, slip op., 2007 WL 4293976, *8 n. 6 (N.D.Ill., Nov. 29, 2007). Likewise, under the *Tort Immunity Act*, Shorewood is not susceptible to a state claim for punitive damages. 745 ILCS 10/20-102; *Anderson v. Bd. of Ed. of City of Chicago*, 169 F.Supp.2d 864, 871-72 (N.D.Ill. 2001). Accordingly, Plaintiff's claims for punitive damages contained in Counts I and II should be dismissed as against Shorewood.

### CONCLUSION

For the foregoing reasons, Defendant SHOREWOOD POLICE DEPARTMENT respectfully requests that this Honorable Court enter an Order dismissing it from Plaintiff's Amended Complaint in its entirety with prejudice.

Dated: September 2, 2008

Respectfully submitted,

s/Sara M. Cliffe
Sara M. Cliffe, Attorney No. 06273803
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon, Suite 150
Itasca, Illinois 60143
630-735-3300
630-773-0980 (fax)
scliffe@jsotoslaw.com
*One of the Attorneys for*
*Defendant Shorewood Police Department*

STATE OF ILLINOIS     )
                              ) SS.
COUNTY OF DU PAGE   )

## CERTIFICATE OF SERVICE

      I hereby certify that on Tuesday, September 2, 2008, I electronically filed the foregoing **Defendant Shorewood Police Department's Memorandum Of Law In Support Of Dismissal** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Alice Elizabeth Keane, Matthew R. Henderson, David M Schultz, Nabil G. Foster.

      and I further certify that I have mailed via Fed Ex, a copy of the foregoing to the following non-CM/ECF participant on Tuesday, September 2, 2008:

    Joseph L. Pinson
    11819 S. Emerald Avenue
    Chicago, IL 60628

                           s/Sara M. Cliffe
                              Sara M. Cliffe, Attorney No. 06273803
                              JAMES G. SOTOS & ASSOCIATES, LTD.
                              550 East Devon, Suite 150
                              Itasca, Illinois 60143
                              630-735-3300
                              630-773-0980 (fax)
                              scliffe@jsotoslaw.com
                              *One of the Attorneys for*
                              *Defendant Shorewood Police Department*