IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Joseph L. Pinson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2284 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Will County State's Attorney's Office; The Law | ) | |
| Office of Mitchell, Bolden, and Amy Melton; | ) | |
| Shorewood Police Department; Ryan Mark | ) | |
| Bruemmer; Phillip Peter Pilon; The Law Office | ) | |
| of Phelan, Noland and Steve Landice; The Law | ) | |
| Office of Chrystel Galvin; and Judge Marzell | ) | |
| Richardson of the Will County Circuit Court, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Joseph L. Pinson ("Pinson") filed suit *pro se* against the Will County State's Attorney's

Office ("WCSAO"), the Law Office of Mitchell, Bolden, and Amy Melton ("Mitchell firm"), the

Law Office of Phelan, Noland and Steve Landice ("Phelan firm"), the Law Office of Chrystel Galvin

("Galvin"), the Shorewood Police Department ("SPD"), Phillip Peter Pilon ("Pilon"), Ryan Mark

Bruemmer ("Bruemmer") and Judge Marzell Richardson of the Will County Circuit Court ("Judge

Richardson") alleging claims under 42 U.S.C. § 1983 and under the Illinois Constitution.  Pinson

filed an application to proceed *in forma pauperis* and a motion for appointment of counsel.  This

Court denied the application and the motion and dismissed Pinson's Complaint without prejudice

for failure to state a claim.  Pinson filed a motion to vacate the order and reopen his case which this

Court granted and Pinson thereafter filed a First Amended Complaint against the same parties

alleging causes of action under 42 U.S.C. § 1983 claiming violations of his rights under the Fourth

and Fourteenth Amendments of the United States Constitution as well as under the Illinois Constitution. Each of the Defendants, with the exception of Bruemmer, moved to dismiss the First Amended Complaint.[1]  For the reasons stated below, the WCSAO's Motion to Dismiss is granted with prejudice, Galvin's Motion to Dismiss is granted in part with and in part without prejudice and SPD, the Phelan firm, the Mitchell firm and Pilon's Motions to Dismiss are granted without prejudice.  In addition, this Court appoints counsel for Pinson.

## PLAINTIFF'S ALLEGATIONS

Pinson's claims arise from two cases captioned 03 DT 366 and 03 TR 25099-106.  Am. Cmplt. at ¶ 11.  The related arrests, or at least one of them, involved a traffic stop in March of 2003. *Id*. at 14.  Pinson contends that the prosecutors submitted perjured affidavits authored by Bruemmer and Pilon on March 16, 2003 to support charges against him.  *Id*. at ¶¶ 14-16.  The WCSAO prosecuted Pinson on these charges in spite of knowing that they were supported by perjury.  *Id*. at ¶ 7.

Pinson entered a guilty plea to the charges in at least one of the cases on April 21, 2004.  *Id*. at ¶ 10.  Four months later, on August 13, 2004 he attempted to withdraw his guilty plea, but Judge Richardson would not allow him to do so, having previously advised Pinson that he had only thirty days in which to withdraw the plea.  *Id*. at ¶ 10.  Pinson later petitioned the court to review this decision and Judge Burnett denied his petition on June 18, 2007.  *Id*. at ¶ 11.  Pinson also filed a motion for a jury trial on the charges which the Chief Judge denied on July 16, 2007.  *Id*. at ¶ 12.

---

[1] The summons issued to Bruemmer was returned unexecuted (Dkt. 11) and no attorney has entered an appearance on Bruemmer's behalf.

The Defendant law firms each represented Pinson in his underlying criminal matters. The Mitchell Firm represented Pinson in case 03 DT 366. *Id*. at ¶ 17. According to Pinson, the firms had knowledge of the perjured statements and failed to disclose material documents him. *Id*. In addition, Pinson claims that the firms did not inform him that his two cases were being tried at the same time. *Id*.

The Phelan Firm began representing Pinson in case 03 DT 366 on July 3, 2004. *Id*. at ¶ 18. The Phelan firm did not appeal Judge Richardson's decision denying Pinson's request to withdraw his guilty plea. *Id*. In addition, attorney Steve Landice of the Phelan firm had knowledge of Pinson's cases because he worked at the prosecutor's office in 2003 and never informed Pinson of the perjured documents. *Id*.

Pinson's allegations against Galvin are less clear. It appears that Galvin represented Pinson on charges filed against him by the Village of Shorewood ("Shorewood") in case number 04 TR 022965 arising from Pinson's alleged operation of a vehicle on March 2, 2004. *Id*. at ¶ 19. Galvin represented Pinson from March 8, 2004 until August 8, 2005. *Id*. Galvin did not pursue any witnesses on Pinson's behalf nor did she obtain the relevant police report as of February 21, 2005. *Id*. Galvin had also worked for the State's Attorney's Office in 2000 during which time she prosecuted Pinson. Pinson asked for his case files from Galvin on July 16, 2007 and Galvin threatened to accuse him of criminal trespass. *Id*. Galvin still has the files. *Id*.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be

granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965. In making this determination the Court construes Pinson's *pro se* pleadings liberally, not holding them to the standards expected of pleadings drafted by lawyers. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

### Statute of Limitations

Pinson purports to bring his claims under 42 U.S.C. § 1983. The statute of limitations for claims under Section 1983 is the statute of limitations for personal injury torts in the state in which the cause of action arose. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Pinson's cause of action arose entirely in the state of Illinois where the statute of limitations for personal injury actions is two years. *See* 735 ILCS 5/13-202. Accrual of a cause of action under Section 1983, however, is governed by federal law. *See Wallace*, 549 U.S. at 388. A cause of action under Section 1983 accrues when the plaintiff has a complete and present cause of action. *See Wallace*, 549 U.S. at 388 (internal citations omitted). Put differently, a claim under Section 1983 accrues when a plaintiff knows or should know that his constitutional rights have been violated. *See Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004).

*The WCSAO*

Pinson's claims against the WCSAO are barred by the two-year statute of limitations. Pinson accuses the WCSAO of misconduct related to his criminal cases 03 DT 366 and 03 TR 25099. These cases were initiated and prosecuted in 2003 and 2004. Pinson himself notes that Judge Richardson denied his motion to vacate a guilty plea on August 13, 2004, that he dismissed case 03 DT 366 on April 21, 2004, that various affidavits were filed in 2003 and that various attorneys were hired to represent him up until 2005. Despite the fact that the WCSAO brought and prosecuted these cases 2003 and 2004, Pinson did not file this suit until 2008. As such, his claims against the WCSAO are barred by the statute of limitations.

Pinson also alleges that he was arrested in January of 2007 on a warrant related to case 03 DT 366. Specifically, he alleges that the WCSAO continued to issue warrants related to the case after it was dismissed. Standing alone, a claim related to a 2007 arrest may not be barred by the statute of limitations.[2] That is not, however, the case here. Pinson alleges that he was wrongfully arrested in 2007 as a result of an interconnected series of actions, that began in 2003 with case number 03 DT 366.[3] Pinson's claims as to the 2007 arrest hinge entirely on the propriety of his 2003 arrest and the resultant legal proceedings, which are outside of the limitations period. As such, the statute of limitations for the entirety of Pinson's claims began to run in 2003/2004 and all are barred

---

[2] Nonetheless it is worthy of note that Pinson does not establish that the WCSAO took any actions related to the 2007 arrest within the statute of limitations - it is unclear when the relevant arrest warrants were issued and Pinson does not allege that a prosecution followed the arrests.

[3] It is worthy of note that Pinson also alleges in his Complaint that he was not informed "that two cases was being trial at the same time without his knowledge." Although the Complaint is unclear, this statement indicates that Pinson's 2007 arrest was related to a failure to appear for trial in 2003 or 2004.

by the statute of limitations. *See Brooks v. Davey*, 572 F.Supp.2d 917, 918-19 (N.D.Ill. 2008) (2007 arrest depended on propriety of 2004 arrest which rendered entire case outside the statute of limitations); *Webb v. City of Joliet*, No. 03 C 4436, 2004 WL 1179413, at *2 (N.D.Ill. May 26, 2004) (statute of limitations began to run on the first of a series of unrelated arrests and therefore all claims based upon them were barred).

In addition, Pinson's state law and state constitutional claims against the WCSAO are barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101. Under the Act "no civil action . . .may be commenced in any court against a local entity or any of its employees for an injury unless it commenced within one year from the date that the injury was received or the cause of action accrued." Here, the incidents underlying Pinson's causes of action against the WCSAO occurred in 2003, 2004 and January of 2007 and he filed this cause of action on April 22, 2008. Therefore even the most recent arrest underlying Pinson's claims lies outside the statute of limitations.

**The SPD**

Pinson's Section 1983 claims against the SPD related to his arrests in 2003 and 2004 are also barred by the two-year statute of limitations. *See Wallace*, 549 U.S. at 388; 735 ILCS 5/13-202. The arrests mentioned in Pinson's Amended Complaint that could constitute bases for his Section 1983 claims that arose in March of 2003 and March of 2004. Pinson did not file this suit until April 22, 2008. As such, they are barred by the applicable two-year statute of limitations. In addition, for the reasons stated above as to the WCSAO, any claims Pinson brings against the SPD related to his

arrest in 2007 are also barred by the statute of limitations.[4]  In addition because the SPD is a local

government entity any state law claims are barred by the one-year statute of limitations under

Illinois Local Governmental and Governmental Employees Tort Immunity Act.

***The Law Firm Defendants***

Any allegations against the Phelan firm, the Mitchell firm or Galvin that could be construed

as actionable under Section 1983 are also barred by the statute of limitations.  Here, all of Pinson's

allegations against the Phelan firm took place in 2004, his allegations against the Mitchell firm took

place in during the pendency of a 2003 criminal case, and his allegations against Galvin took place

in 2003 through 2005 but Pinson did not file this action until 2008.  Therefore, any Section 1983

claims against the law firm Defendants are barred by the statute of limitations.[5]

---

[4] Even if this Court were to find that the claims based on the 2007 arrest were not barred by the applicable statute of limitations, they could be dismissed on other grounds.  The SPD is a municipal government body.  *See Truesdale v. Guerra*, No. 07 C 3058, 2008 WL 1968773, at * 7 n 15 (N.D.Ill. May 1, 2008) (police department is a municipal government body).   In order to state a claim against a municipal government body under Section 1983, Pinson must allege that a deprivation of his constitutional rights was caused by either 1) an express municipal policy that causes constitutional deprivation; 2) a widespread practice that is so permanent and well-settled as to constitute a custom or usage with the final force of law; or 3) a person with final policymaking authority.  *See Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) *citing Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006). Pinson makes no such allegations.  Rather, he alleges only the actions of various unnamed individual officers.  Therefore he fails to state a Section 1983 claim against the SPD.

[5] To the extent that Pinson attempts to assert a legal malpractice claim against the law firm Defendants, that claim is also barred by the applicable statute of limitations.  The Illinois statute of limitations for claims of legal malpractice is two years.  *See* 735 ILCS 5/13-214.3 ("an action for damages based on tort contract or otherwise against an attorney arising out of an act or omission in the performance of professional services . . . must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought").  This true even if the plaintiff alleges that the defendant attorney committed a breach of fiduciary duty, intentional malpractice or even corruption and fraud. *See Bohannon v. Howie*, No. 07 C 1383, 2007 WL 2225910, at * 2 (N.D.Ill. August 1, 2007) (breach of fiduciary duty); *Salon*

*Pilon*

Pinson alleges that Pilon swore to a perjured affidavit, apparently in March of 2003, stating that he saw Pinson commit one of the acts that led to his arrest on either case 03 DT 366 or 03 TR 25099-106. Again assuming that Pinson could state a claim under Section 1983 against Pilon, that claim arose in 2003 or 2004 and thus is barred by the two-year statute of limitations for actions under Section 1983. *See Wallace*, 549 U.S. at 388 (state statute of limitations for personal injury applies); 735 ILCS 5/13-202 (Illinois has a two-year statute of limitations).

## Accrual of Claims

Pinson appears to argue that his claims are not barred by the two-year statute of limitations because he was delayed in discovering them. Specifically, he notes that 1) the Mitchell firm did not show him material documents before or during his trial but rather turned over a document on May 10, 2007; 2) Steve Landis of the Phelan Firm did not inform him of certain police documents; and 3) He asked Galvin for case files on July 16, 2007. In addition, in his response to Pilon and the Mitchell firm's motions to dismiss, Pinson states that "the clock starts at Discover, after acquiring Court Docket of the minutes on February 27, 2007 after being released on the issuing of two false warrant . . . discovered two cases were being tried at the same time and one guilty plea later on August 13, 2004."

_____

*Group, Inc. v. Salberg*, 00 C 1754, 2002 WL 1058120, at *2 (N.D.Ill. March 29, 2002) (fraud and conspiracy); *Dahlin v. Jenner & Block, L.L.C.*, No. 01 C 1725, at *5-6 (N.D.Ill. July 26, 2001) (intentional malpractice); *Bates v. Clarke*, No. 97 C 8467, at * 1 (action against criminal defense attorney alleging fraud, corruption and malfeasance). As such, despite the fact that Pinson seems to allege that the law firm Defendants were corrupt and complicit in violations of his rights, the statute of limitations bars Pinson's potential malpractice claim.

Pinson is to some extent correct - claims under Section 1983 accrue when the plaintiff knows or should have known that his constitutional rights were violated. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (Section 1983 claim accrues when the plaintiff knew or should have known that his constitutional rights were violated). Pinson's vague allegations that he did not see certain documents until 2007 are inadequate to support an argument that he did not and should not have known that his rights were violated during the entirety of the relevant arrests and criminal proceedings in 2003 and 2004. *See Hileman*, 367 F.3d at 697 (accrual is a fact-intensive inquiry). To the contrary, it seems that it would have been or should have been clear to Pinson when he was, as he alleges, arrested and prosecuted for no reason or on the basis of false testimony and offered no assistance by his attorneys that his rights had been violated. *See Quinn v. Harris*, 230 Fed.Appx. 595, 596 (7th Cir. 2007) (claims of woman arrested and held for child abuse without probable cause or adequate investigation accrued at the time of her arrest and detention).

For the reasons stated above, the WCSAO, SPD, Phelan Firm, Mitchell Firm, Galvin and Pilon Motions to Dismiss are granted without prejudice. This Court appoints counsel for Pinson to assist him if any circumstances warrant a delay in the accrual of his claims or a tolling of the statute of limitations. If claims remain viable, counsel is directed to file a Second Amended Complaint. So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: July 7, 2009